IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                    Criminal No. 26-*152*    **FILED**

DELRICO SHIELDS                                       [UNDER SEAL]       JUL 2 8 2026

### INDICTMENT MEMORANDUM

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and R. Chase Stelzer, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1 | Escape from Federal Custody<br>On or about July 6, 2026 | 18 U.S.C. § 751(a) |

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Escape from Federal Custody, in violation of 18 U.S.C. § 751(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant was confined to a federal correctional institution by direction of the Attorney General of the United States or his authorized representative.

2.      That such confinement was pursuant to a judgment of conviction of a felony under the laws of the United States.

3.      That defendant knowingly escaped from said institution, that is, absented himself knowingly from custody without permission.

> United States v. Small, 793 F.3d 350, 352-53 (3d Cir. 2015); United States v. Bailey, 444 U.S. 394, 407 (1978).

## III. PENALTIES

### As to Count 1: Escape from Federal Custody (18 U.S.C. § 751(a)):

1.      A term of imprisonment of not more than five (5) years (18 U.S.C. § 751(a));

2.      A fine not more than the greater of:

(a)      $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.      Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Not applicable in this case.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*/s/ R. Chase Stelzer*
R. CHASE STELZER
Assistant U.S. Attorney
PA ID No. 324075

3